## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONYA GORE, )<br><br>            Plaintiff )<br><br>      v. )<br><br>TORRES CREDIT SERVICES, INC., )<br><br>            Defendant )<br>_____ ) | **Case No.:** 3:15-cv-151<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

TONYA GORE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TORRES CREDIT SERVICES, INC. ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as Defendant resides in this Commonwealth and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5.      Plaintiff is a natural person residing in Altoona, Pennsylvania 16602.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection company with an address of 27 Fairview Street, Suite 301, Carlisle, Pennsylvania 17013.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its collectors.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11.     The alleged debt, a UGI home utility bill, arose out of transactions, which were primarily for personal, family, or household purposes.

12.     Beginning in or around December 2014, and continuing through

- 2 -

April 2015, Defendant placed automated and manual dialed calls to Plaintiff's cellular telephone in an attempt to collect a consumer debt.

13.    Plaintiff never provided Defendant her cell phone number.

14.    Defendant contacted Plaintiff repeatedly during the time period referenced above.

15.    It was inconvenient for Plaintiff to receive collection calls to her cellular telephone, as she and her husband were going through financial hardship due to her husband being injured at work, requiring her to curtail cell phone usage wherever possible.

16.    Defendant called from telephone numbers including (866) 756-6804, revealed as the caller ID on Plaintiff cellular phone.  The undersigned has verified that the number belongs to Defendant in preparation for filing this Complaint.

17.    Defendant records telephone calls it makes to consumers.

18.    In one recorded call, the conversation proceeded as follows:

FIRST RECORDING

Collector: "Hello, may I speak with Tanya Gore?"
Plaintiff: "This is her."
Collector: "Pardon?"
Plaintiff: "Yes? This is her."
Collector: "Oh that's you. Ok. My name is Karen, calling from Torres Credit Services, calling to collect a debt. Any information will be used for that purpose…Call is recorded for quality."
Plaintiff: "Y'all aren't going to get that debt today, I can tell you that right now."
Collector: "When would you be able to pay the $37.00 for UGI?"

- 3 -

Plaintiff: "Oh, let's see. Probably within the next 6 months when my injured husband is able to go back to work."
Collector: "I have to mark it as a refusal. Collection will continue. Thank you."
[call is terminated by collector]

19.    Plaintiff never refused to pay.

20.    The collector's response did not match what Plaintiff said and in fact was a contradiction.

21.    The collector's words show an intent to use false, misleading, and deceptive characterizations in order to collect a debt.

22.    The same words were intended to give a false impression to Plaintiff that an inability to pay constitutes a refusal to pay and would result in further collection.

23.    Once aware that Plaintiff could not pay for at least 6 months, there was no purpose for the collector threating that collection efforts would continue unless the intent of that statement was to harass.

24.    Upon being notified that Plaintiff could not pay for at least 6 months, Defendant was on notice that collection before that time ended could only be harassing to Plaintiff.

25.    The collector's abrupt termination of the call after stating that the account would be marked as a refusal, was harassing and abusive.

26.    After the above call, Defendant continued collection efforts, and placed additional calls. In a second recorded call, the conversation proceeded as

- 4 -

follows:

SECOND RECORDING

Collector: "Hello?"

Plaintiff:  "Hello?"

Collector: "Hi, I'm trying to reach Tanya Gore."

Plaintiff:  "This is her."

Collector: "Hi Mrs. Gore. My name is Mrs. Jones, calling from Torres Credit Services. How are you doing today?"

Plaintiff:  "Good."

Collector: "Good. I do have to advise you all calls are recorded for quality. This is an attempt to collect a debt. Any information obtained will be used for that. Now my client is UGI Utilities. They place you in our office for a $37.00 connection fee. And at this time my client is asking for final resolution, so we can just close it out and get you out of collections, 'cause you've been in our office since November 26th…of last year. So we're trying to close it out today, ma'am. How would you like to take care of this small balance?"

Plaintiff: "For $37.00?"

Collector: "Yes, ma'am."

Plaintiff: "I'm not gonna be able to do that today. Maybe when my income tax comes in though."

Collector: "Ok. There's no way you could post it for maybe the end of the month, and we can still close it out today? So we can notify my client?"

Plaintiff: "Yeah, well, I'm not… I'm not working right now..."

Collector: "Oh, you're not? You don't have any sorts of income right now?"

Plaintiff: "No, I don't." "My husband just got injured at work, so we, neither one of us have any income right now."

Collector: "Oh, do you think maybe your husband can make this small payment for you?

Plaintiff: "I just said he got injured at work. He doesn't have any income."

Collector: "Oh, my… I do apologize."

Plaintiff: "Can I call in and make it? If it's just that amount… I mean, it's not really a big…"

Collector: "Right, you can always give us a call back, but I do have to advise you I do have to put it down and notify my client as a refusal for today… and we'll update you in about a week. We will be calling on a weekly basis until we get this resolved, um, and get it closed out. Yeah, it's $37.00, um, to close it out."

----------

27.     As with the first recording, "Mrs. Jones", stated that the collector's

"client" would be notified that Plaintiff refused to pay, but Plaintiff did not refuse to pay.

28.    "Mrs. Jones" statement that "we will be calling on a weekly basis until we get this resolved" constitutes a threat of harassment for non-payment, without regard to the reason for non-payment and was uttered despite Plaintiff having said that she wants to pay the debt and intended to "call in".

29.    Defendant continued to call Plaintiff.

30.    Upon information and belief, Defendant did not accurately update its records regarding Plaintiff's inability to pay, provided in the above-referenced telephone calls.

31.    Defendant's actions as described herein were made with the intent to embarrass, harass, upset, deceive, and in context, coerce payment to pay to stop the calls.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

32.    In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

## COUNT I

a.    A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

- 6 -

b.   A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c.   Here, Defendant violated §§ 1692d and 1692d(5), of the FDCPA when  its collectors promised to continue calling and then did persist in calling, after being told that Plaintiff was unable to pay for at least 6 months.

## COUNT II

a.   A debt collector violates § 1692e of the FDCPA by using any other false, deceptive, or misleading representation or means in connection with debt collection.

b.   A debt collector violates 1692e(10) by sue of a false representation or deceptive means to collect a debt or obtain information about a consumer.

c.   Here, Defendant violated § 1692e and 1692e(10) of the FDCPA when (1) its collectors stated in recorded conversations that the account would be marked as a "refusal" to pay and collection efforts would continue; when Plaintiff never refused to pay; and (2) when "Mrs. Jones" promised to "update" Plaintiff in a week

- 7 -

as an excuse to call, when Defendant had nothing to update Plaintiff about.

## COUNT III

a.      A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b.      Here, Defendant violated § 1692f of the FDCPA by (1) failing to update its records accurately so that further calls would not be made to Plaintiff; (2) by indicating that an inability to pay would be noted as a refusal to pay; (3) by abruptly terminating collection calls in an abusive manner; and (4) by threatening to make additional calls weekly, knowing that Plaintiff was unable to pay, having no purpose for calls under the circumstances.

WHEREFORE, Plaintiff, TONYA GORE, respectfully prays for a judgment as follows:

a.      All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

PLAINTIFF'S COMPLAINT

c.    All reasonable attorneys' fees, witness fees, court costs and

other litigation costs incurred by Plaintiff pursuant to 15 U.S.C.

§ 1693k(a)(3); and

d.    Any other relief deemed appropriate by this Honorable Court.


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TONYA GORE, demands a jury

trial in this case.

DATED: May 28, 2015                    RESPECTFULLY SUBMITTED,

*/s/ Craig Thor Kimmel*_____
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877)788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT